# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| HUSSAIN NAJI ABDULKADIN, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:15-cv-15 |
| v. | * | |
| WARDEN T. JOHNS; FEDERAL BUREAU OF PRISONS; and GEO GROUP, INC., | * | |
| Respondents. | * | |

## ORDER

As detailed below, Petitioner has failed to follow this Court's directive to respond to Respondents' Motion to Dismiss despite being advised of his duty to do so. Therefore, the Court **DISMISSES** this action without prejudice for failure to prosecute and failure to follow this Court's Orders. Furthermore, the Court **DENIES** Petitioner leave to appeal in forma pauperis and **DENIES** him a certificate of appealability. Respondent's Motion to Dismiss, dkt. no. 9, is **DENIED as moot**.

## BACKGROUND

Petitioner filed an action under 28 U.S.C. § 2241 contesting the legality of his confinement. Dkt. No. 1. On February 23, 2015, Petitioner moved for leave of Court to proceed in the present case *in forma pauperis*. Dkt. No. 3.

Petitioner's Motion was granted, and the Court Ordered that the Petition be served on the Respondents. Dkt. No. 4. Respondents then filed a Motion to Dismiss the Petition on May 18, 2015. Dkt. No. 9. On June 10, 2015, the Court ordered Petitioner to respond to the Motion to Dismiss within twenty-one days. Dkt. No. 10. The Court specifically advised Petitioner that if he failed to respond, the Court would presume that he does not oppose dismissal of this action. Id. Despite this warning, Petitioner has entirely failed to respond to the Motion to Dismiss. Indeed, Petitioner has not taken any action in this case since filing his Petition over seven months ago.

## DISCUSSION

### I. Dismissal For Failure to Prosecute and Follow This Court's Orders

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b)[1] ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd.

---

[1] The Federal Rules of Civil Procedure may be applied to this matter pursuant to Rule 12 of the Rules Governing Section 2254 Cases.

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Petitioner that his failure to respond to the Motion to Dismiss would result in dismissal of this action. Dkt. No 10.

2

v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng.

Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its authority to dismiss cases with caution, dismissal is appropriate in the case at hand. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service). Petitioner has entirely disregarded this Court's order that he respond to Respondents' Motion. Furthermore, he has not taken any action in this case in over seven months. Consequently, no lesser sanctions will suffice to remedy Petitioner's clear record of delay.

Due to Petitioner's failure to follow the instructions of the Court and his failure to prosecute this case, his Petition is **DISMISSED, without prejudice.**

## II. Leave to Appeal In Forma Pauperis and Certificate of Appealability

The Court also denies Petitioner leave to appeal in forma pauperis, and denies him a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant."[3] (emphasis supplied); see also, FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams,

---

[3] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, Rule 11 may be applied to cases brought pursuant to 28 U.S.C. § 2241.

490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth above, there are no issues worthy of a certificate of appeal, and therefore, the Court **DENIES** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal is, likewise, **DENIED**.

## CONCLUSION

For the above-stated reasons, Petitioner's action is **DISMISSED**, without prejudice, and the Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Petitioner a Certificate of Appealability and **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 14 day of October, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA